UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ESTHER OLABOPO, *pro se*,

                        Plaintiff

        -against-

1199 SEIU,

                        Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-1317 (DLI) (LB)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] plaintiff Esther Olabopo initiated this action against 1199 SEIU Homecare Employees Pension Fund ("Fund") pursuant to the Employee Retirement Income Security Act ("ERISA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). On May 27, 2010, Defendant moved for summary judgment on the ERISA claim and to dismiss the Title VII claims. For the reasons that follow: (1) Defendant's motion for summary judgment is granted as to Plaintiff's ERISA claim; (2) Defendant's motion to dismiss Plaintiff's Title VII claims is also granted, but the claims are dismissed without prejudice. The Clerk of the Court is directed to hold the closure of this case in abeyance for thirty days. Plaintiff has leave to file an amended complaint (as to the Title VII claims only) that is consistent with this Order by April 28, 2011. Plaintiff's failure to file an amended complaint by that date will result in a dismissal with prejudice.

---

[1] Complaints by *pro se* parties will be accorded more deference than those filed by attorneys. *Erickson v Pardus*, 551 U.S. 89 (2007). As such, the court will "construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s]." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

1

# BACKGROUND[2]

The Fund is a defined benefit pension plan, administered to comply with the provisions of ERISA. (Def.'s 56.1 Stmt. ¶ 3.) The Fund provides pension and disability benefits to covered Union members in accordance with written Plan Documents. (*Id.* ¶ 4.) Participating Union employers finance the benefits through contributions on behalf of their employees, pursuant to the terms of individual collective bargaining agreements. (*Id.* ¶ 5.) Therefore, not all Union employers contribute to the Fund. (*Id.* ¶ 5.) A Union member only earns credit toward a pension when work is performed for a contributing employer. (*See* THE 1199 HOME CARE EMPLOYEES PENSION PLAN Ex. B1 § 1.06 [hereinafter "PENSION PLAN"].) Contributing employers submit monthly reports to the Fund regarding the number of hours each Union employee works, and the Fund then allocates pension credits to those employees. (Def.'s 56.1 Stmt. ¶ 7.) When an employee retires, the cumulative number of pension credits earned determines eligibility for benefits.

The Plan calculates credits as follows:

| **Employment between January 1, 1992 through December 31, 2001** | |
|---|---|
| **Hours of covered employment during calendar year** | **Pension Credit** |
| 1,500 or more hours | 1.000 |
| From 1,250 to 1,499 hours | .750 |
| From 1,000 to 1,249 | .625 |
| From 750 to 999 hours | .500 |
| Under 750 hours | 0 |

---

[2] Plaintiff has not responded to Defendant's Local Civil Rule 56.1 Statement. Therefore, the court deems admitted, where supported by evidence, the facts set forth in the 56.1 Statement. *See Giannulo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) (uncontroverted facts in a Rule 56.1 statement will be deemed admitted where supported by evidence).

| Employment between January 1, 2002 through the present ||
|---|---|
| **Hours of covered employment during calendar year** | **Pension Credit** |
| 1,000 or more hours | 1.000 |
| From 750 to 999 hours | .750 |
| From 500 to 749 hours | .500 |
| From 250 to 499 hours | .250 |
| Under 250 hours | 0 |

Plaintiff is a Union member and Fund participant who worked for both contributing and non-contributing employers. (Def.'s 56.1 Stmt. ¶ 6.) To have qualified for pension benefits, Plaintiff must have earned 5 total years of pension credit, and at least one quarter (1/4) of a pension credit during the contribution period. (*Id.* ¶ 9; PENSION PLAN Ex. B1. § 3.13.) According to Defendant, and the documents submitted to the court, Plaintiff's hours worked, credits earned, and years of credited services are as follows:

| Year | Hours Worked | Earned Credit |
|---|---|---|
| 1999 | 549 | 0 |
| 2000 | 412 | 0 |
| 2001 | 0 | 0 |
| 2002 | 879 | .75 |
| 2003 | 42 | 0 |
| 2004 | 0 | 0 |
| 2005 | 0 | 0 |
| 2006 | 0 | 0 |
| 2007 | 1284 | 1.00 |
| 2008 | 118 | 0 |

| **Total** | | 1.75 |
|---|---|---|

On April 11, 2008, Plaintiff applied for pension benefits based on her employment from 1999 to 2008. (Def.'s 56.1 Stmt. ¶ 8.) On September 28, 2008, Defendant denied Plaintiff's application, finding that she had not earned enough pension credits. (*Id.* ¶ 9.) Plaintiff appealed that decision, which the Retirement Committee of the Fund denied on April 15, 2009. (*Id.* ¶¶ 10-14.) Plaintiff initiated this action on March 18, 2010, contesting the denial of pension benefits, alleging employment discrimination against a non-party employer, and claiming that the Fund violated its duty of fair representation.

**DISCUSSION**

1. Defendant's Motion to Dismiss

The Fund moves to dismiss Plaintiff's claims arising under Title VII pursuant to Federal Rule of Civil Procedure 12(b)(6). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555. On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

First, Plaintiff claims that United Healthcare, her former employer, discriminated against her on the basis of her race and/or national origin. This claim is dismissed because United Healthcare is not a party to this action. Second, Plaintiff claims that, after reporting to the Union that Stella Orten and Personal Touch terminated her, the Union "did not do anything about it." In order to state a Title VII claim against the Union for breaching its duty of fair representation, Plaintiff must allege, *inter alia*, that discriminatory animus motivated the Union's action (or inaction). *See Carrion v. Local 32B-32J Serv. Employees Intern. Union, AFL-CIO*, 2005 WL 659321, at *6 (S.D.N.Y. 2005) ("To establish a prima facie Title VII claim against a union for a breach of its duty of fair representation, a plaintiff must show that (1) the employer violated the collective bargaining agreement with respect to the plaintiff, (2) the union permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation, and (3) there was some indication that the union's actions were motivated by discriminatory animus."). Plaintiff's allegations fall short of the standard required to state a cause of action under Title VII. Accordingly, the court grants Defendant's motion to dismiss Plaintiff's Title VII claims without prejudice and grants Plaintiff leave to file an amended complaint.

2. Defendant's Motion for Summary Judgment

   *a. Standard of Review*

Generally, summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In the context of ERISA benefit claims, however, the court must first determine the standard of review governing plaintiff's denial of disability benefits under the Plan. *See Firestone Tire and Rubber Co. v Bruch*, 489 U.S. 101, 115 (1989) (holding that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the

benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."). Where the Plan reserves discretionary authority to its administrator or fiduciary, denials are subject to the more deferential arbitrary and capricious standard, and may be overturned only if the decision is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) (citation and internal quotation marks omitted). Under this standard, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Anderson v. Sotheby's, Inc.*, 2006 WL 1722576, at *14 (S.D.N.Y. June 22, 2006) (citing *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999)).

Defendant bears the burden of proving that the arbitrary and capricious standard of review applies, since "the party claiming deferential review should prove the predicate that justifies it." *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 230 (2d Cir. 1995). Thus, the critical issue is whether the Plan's language reserves discretionary authority to the Fund, thereby invoking the arbitrary and capricious standard of review. *See Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 251 (2d Cir. 1999). Section 7.05 of the governing Plan Documents grants the Trustees, "exclusive authority and discretion" to, *inter alia*, determine whether individuals are eligible for any benefits under the Plan, find facts relevant to any claim for benefits, and interpret all provisions of the Plan. (PENSION PLAN Ex. B1 § 7.05.) Moreover, § 7.05 also states that the Fund's decision as to a member's eligibility for benefits "may not be overturned or set aside by any arbitrator or court of law unless . . . found to be arbitrary or capricious, or made in bad faith." (*Id.*) This clear and unambiguous language entitles the Fund to a deferential standard of review. *See Kinstler*, 181 F.3d at 251.

### b. *Merits of Plaintiff's Claim*

Having determined the appropriate standard of review to be applied, the court now turns to the merits of Plaintiff's claim that she was improperly denied pension benefits under the Plan. Because the Fund applied the plain letter reading of the Plan Documents, its decision is not arbitrary or capricious. *See Pesca v. Bd. of Trs. Mason Tenders' Dist. Council Pension Fund*, 879 F. Supp. 23, 25 (S.D.N.Y. 1995). Plaintiff received the appropriate credit, pursuant to the Plan Documents, for the amount of hours reported to the Fund by her employers. (*See* A.R. 2–3.) Additionally, Plan administrators contacted Plaintiff prior to her appeal and encouraged her to submit additional documentation if she felt that her hours were misreported. (*Id.* at 23–24.) Plaintiff only submitted one additional paystub, dated after the relevant time period, which, in any event, would not have given her enough credit to vest in the Plan. (Compl. 10.) Thus, the Fund's determination is consistent with the terms of the Plan Documents and is supported by substantial evidence. *See Pagan*, 52 F.3d at 442. Under the deferential arbitrary and capricious standard, the court cannot substitute its own judgment for that of the Fund administrators. *Fuller v. J.P. Morgan Chase & Co.*, 423 F.3d 104, 107 (2d Cir. 2005). Accordingly, Plaintiff's request is denied and summary judgment is granted.

## **CONCLUSION**

For the reasons set forth above: (1) Defendant's motion for summary judgment is granted as to Plaintiff's ERISA claim; (2) Defendant's motion to dismiss Plaintiff's Title VII claims is also granted, but the claims are dismissed without prejudice.  The Clerk of the Court is directed to hold the closure of this case in abeyance for thirty days.  Plaintiff has leave to file an amended complaint (as to the Title VII claims only) that is consistent with this Order by April 28, 2011.  Plaintiff's failure to file an amended complaint by that date will result in a dismissal with prejudice.  For the convenience of *pro se* plaintiff, instructions on how to amend a complaint are attached. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED
DATED:    Brooklyn, New York
          March 29, 2011

                                        /s/
                                   DORA L. IRIZARRY
                                   United States District Judge